1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PATRICK SCHORR, | CASE NO.  1:11-cv-00886-LJO-GBC (PC) |
| Plaintiff, | |
| | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| MARGARET MIMS, | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

_____/

## I.    Procedural History

Matthew Patrick Schorr ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 1, 2011, Plaintiff filed the complaint which is presently before this Court.  Doc. 1.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4   which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

5   support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467

6   U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

7   *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

8   (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the

9   allegations of the complaint in question, and construe the pleading in the light most favorable to the

10  plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

11  (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

12

13  **III.   Plaintiff's Complaint**

14          Plaintiff is currently a federal prisoner the Federal Correctional Institution in Memphis,

15  Tennessee. Doc. 14; Doc. 15. The events central to Plaintiff's complaint occurred while he was at

16  the Fresno County Jail (FCJ) in Fresno, California.[1] Doc. 1. In the complaint, Plaintiff names the

17  following defendants: 1) Margaret Mims (Sherif at FCJ); 2) Rick Hill (Captain at FCJ); 3) Susan

18  Watkins (Captain at FCJ); 4) M. Porter (Lieutenant at FCJ); 5) Mendez (Lieutenant at FCJ); 6)

19  Barton (Sergeant at FCJ); 7) Egbuziem (Sergeant at FCJ); 8) Lockie (Sergeant at FCJ); 9) Veloz

20  (Corporal at FCJ); 10) Menchaca (Corporal at FCJ); 11) J. Rodriguez (Corporal at FCJ); 12) Arvizu

21  (Correctional Officer at FCJ); 13) Bustenza (Correctional Officer at FCJ); 14) Davis (Correctional

22  Officer at FCJ); 15) W. Herr (Correctional Officer at FCJ); 16) Mason (Correctional Officer at FCJ);

23  17) Rogers (Correctional Officer at FCJ); 18) J. Ruiz (Correctional Officer at FCJ); 19) Sicairos

24  (Correctional Officer at FCJ); and 20) Venture (Correctional Officer at FCJ). Doc. 1 at 1-2. Plaintiff

25  seeks injunctive relief in addition to compensatory and punitive damages. Doc. 1 at 3.

26          Plaintiff alleges that as a matter of policy, the Fresno County Detention Bureau staff read his

27

28          [1] It is unclear from Plaintiff's complaint whether he was a pretrial detainee or a convicted prisoner while at the Fresno County Jail.

outgoing letters to his attorneys. Doc. 1 at 3. On March 16, 2011, Defendant Herr read Plaintiff's letter to an attorney stating it was his duty to "scan" legal mail. Doc. 1 at 3. Plaintiff filed a grievance about Defendant Herr's actions and Defendants Egbuziem, Mendez and Hill found Plaintiff's grievance "not sustained." Doc. 1 at 3. On April 11, 2011, Plaintiff filed another grievance because Defendant Veloz read Plaintiff's legal mail and Defendant Veloz responded that he was scanning to determine if Plaintiff's mail was legal mail and scanning the mail for threats as per policy. Doc. 1 at 3. Defendants Barton, Porter and Wa1tkins found Plaintiff's grievance to be "not sustained." Doc. 1 at 3. On May 3, 2011, Plaintiff submitted a grievance to Defendant Mims regarding the legal mail policy. Doc. 1 at 3. In the grievance, Plaintiff names Defendants Rodriguez, Veloz, Menchaca, Davis, Ruiz, Ventura, Arivizu, Sicaires, Bustenza and Rogers as reading his legal mail. Doc. 1 at 3. On May 24, 2011, Defendant Lockie informed Plaintiff that his grievance was "not sustained." Doc. 1 at 3.

**IV.  Legal Standards and Analysis**

**A.  Legal Mail**

The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Mitchell v. Dupnick*, 75 F.3d 517, 523 (9th Cir. 1996). Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539, 576-7 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). In *Wolff v. McDonnell*, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. *Id.* at 577.

The issue of whether or not prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit. In *Wolff v. McDonnell*, the legal mail at issue was mail sent to respondent from his own attorney. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. "Mail from the courts, as

3

1  contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094

2  (9th Cir. 1996).  "All correspondence from a court to a litigant is a public document, which prison

3  personnel could if they want inspect in the court's files." *Id.* at 1094 (citing to *Martin v. Brewer*, 830

4  F.2d 76, 78 (7th Cir. 1987)).

5  ### B.   Claim Based in Denial of Administrative Grievance

6  Generally, denying a prisoner's administrative grievance does not cause or contribute to the

7  underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  However, because prison

8  administrators cannot willfully turn a blind eye to constitutional violations being committed by

9  subordinates, *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited

10  circumstances in which those involved in reviewing an inmate grievance can be held liable under

11  section 1983.  That circumstance has not been presented here.

12  Plaintiff merely stating that Defendants Egbuziem, Mendez, Hill, Barton, Porter, Wa1tkins

13  and Lockie denied his grievances is insufficient to support a plausible claim for relief.  *Iqbal*, 556

14  U.S. at 678-79.  Further, Plaintiff has not stated a viable claim regarding the reviewing of his legal

15  mail.  Absent the presentation of facts sufficient to show that a constitutional violation occurred in

16  the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal

17  grieving the review of his legal mail.

18  ### C.   Linkage Requirement

19  The Civil Rights Act under which this action was filed provides:

20  Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the deprivation

21  of any rights, privileges, or immunities secured by the Constitution .
   . . shall be liable to the party injured in an action at law, suit in equity,

22  or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell*

25  *v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

26  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

27  within the meaning of section 1983, if he does an affirmative act, participates in another's

28  affirmative acts or omits to perform an act which he is legally required to do that causes the

deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### V.    Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed June 1, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

1      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2              action will be dismissed, with prejudice, for failure to state a claim.

3

4    IT IS SO ORDERED.

5

     Dated:    September 24, 2012

6                                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28